**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **TOM HUSSEY PHOTOGRAPHY, LLC**<br><br>**a Texas limited liability company**<br><br>**Plaintiff,**<br>**v.**<br><br>**RAPPAHANNOCK AREA AGENCY ON AGING, INC. D/B/A HEALTHY GENERATIONS**<br><br>**A Virginia corporation**<br><br>**Defendant.** | ) | **Case No.: 1:25-cv-00550-PTG** |

## ANSWER

COMES NOW the Defendant, Rappahannock Area Agency on Aging, Inc. d/b/a Healthy Generations ("Healthy Generations"), by counsel, and for its Answer to the Complaint filed by the Plaintiff, Tom Hussey Photography, LLC ("Plaintiff"), states as follows. Note: The numbered paragraphs of the Answer correspond to the like numbered paragraphs of the Complaint, unless expressly stated otherwise, and each factual allegation in the Complaint is hereby denied, unless specifically admitted herein.

## THE PARTIES

1. Defendant is without sufficient information or knowledge that would permit it to admit or deny the allegations contained in paragraph 1 of the Complaint and therefore deny the same.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all factual allegations contained in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all factual allegations contained in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all factual allegations contained in paragraph 5 of the Complaint.

## FACTS

I. Regarding paragraph I of the Complaint, Defendant denies all factual allegations inconsistent with its response to numbered paragraphs of the Complaint.

6. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies the same.

II. Regarding paragraph II of the Complaint, Defendant denies all factual allegation inconsistent with its response to numbered paragraphs of the Complaint.

9. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies the same.

14. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the same.

15. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies the same.

16. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21. Paragraph 21 of the Complaint does not require a response. To the extent a response is required, Defendant denies all factual allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without sufficient knowledge and information that would permit it to admit or deny the allegations contained in paragraph 24 of the Complaint and therefore denies the same.

III. Regarding paragraph III of the Complaint, Defendant denies that it engaged in unlawful activities and denies all factual allegations inconsistent with its response to numbered paragraphs of the Complaint.

25. Regarding paragraph 25 of the Complaint, Defendant admits that it is a 501 (c) (3) organization that provides services and resource referrals to older persons in accordance with state and federal programs.

26. Regarding paragraph 26 of the Complaint, Defendant admits that it only derives a small amount of its overall revenue from its website. Defendant denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Regarding paragraph 27 of the Complaint, Defendant admits that it posted the photographs depicted below paragraph 27 of the Complaint on its Facebook page but did so with a lack of awareness that the photograph was allegedly copyright protected and with a reasonable belief that it was not infringing upon the rights of others, and its display of the photograph was permitted. Regarding the text shown to the right of each of the photographs below paragraph 27 of the Complaint, Defendant is unable to read the apparent text and therefore denies that the text is a true and accurate display of its Facebook page.

28. Defendant is unable to read the apparent text shown to the right of each of the photographs and therefore denies the allegations contained in paragraph 28 of the Complaint.

29. Regarding paragraph 29 of the Complaint, Defendant admits it has never been granted licensure or permission to display the photographs but denies that licensure and/or

permission was necessary. Defendant denies the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Regarding paragraph 31 of the Complaint, Defendant admits that it obtained the Work from the internet where the Work was readily available on numerous websites without a watermark, copyright symbol, or other reasonable notice that the Work is allegedly copyrighted. Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.

32. Regarding paragraph 32 of the Complaint, Defendant admits that it received correspondence from the Plaintiff regarding its display of the photographs and, in an abundance of caution, immediately removed the photographs from its website but denies that its use of the photographs was unauthorized and constitutes trademark infringement.

33. Paragraph 33 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies all factual allegations contained in paragraph 33 of the Complaint.

**COUNT I – COPYRIGTH INFRINGEMENT**

34. Defendant re-alleges and incorporates its answers to paragraphs 1 through 33 of the Complaint as set forth above.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Regarding paragraph 37 of the Complaint, Defendant admits that it had access to the Work via the internet, but denies the remaining allegations contained in paragraph 37 of the Complaint.

38. Regarding paragraph 38 of the Complaint, Defendant admits that it displayed the Work on its Facebook page, but denies the remaining allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Regarding paragraph 40 of the Complaint, Defendant admits that its website includes a copyright disclaimer but denies the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint.

## RELIEF REQUESTED

46. Regarding the unnumbered WHEREFORE paragraph of the Complaint, Defendant denies the Plaintiff is entitled to the relief requested or any relief whatsoever.

47. Except as expressly admitted herein, Defendant denies any remaining allegations contained in the Complaint.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

48. INNOCENT INFRINGEMENT. Defendant use of the Work constitutes an innocent infringement. The Work is easily and readily available on the internet without the display of a watermark, copyright symbol, or other reasonable notice that the Work is allegedly copyrighted. Thus, Defendant's display of the Work was done with a reasonable belief that it was not infringing upon the rights of others and that its display of the Work was permitted.

49. FAIR USE. Healthy Generations' use of the Work constitutes fair use of the Work and is exempt from infringement claims pursuant to 17 U.S.C. § 107. Specifically, the Work was displayed on limited basis, was not commercial in nature, was displayed by a nonprofit organization for the purpose to raise awareness for Older Americans Month, and does not negatively effect the potential market for, or value of, the Work.

50. NO COMMERICAL USE. Defendant's display of the Work was not done for commercial gain nor profit. The display of the Work was not intended to generate revenue, through sales, advertising or other monetary transactions. The Work was posted in an effort to raise awareness for Older Americans Month. The Work was viewed by a total of seven (7) individuals with a total of nineteen (19) interactions. Therefore, Defendant's display of the Work was not commercial in nature.

51. LACK OF PROFITS. Defendant is a 501(c) (3) nonprofit charitable organization. The display of the Work did not yield any profits to Healthy Generations. The Work was posted in an effort to raise awareness for Older Americans Month. The Work was viewed by a total of seven (7) individuals with a total of nineteen (19) interactions.

52. STATUTE OF LIMITATIONS. The Plaintiff's claims are barred by the applicable three (3) year statute of limitations found in 17 U.S.C. § 507. The Work was first posted on Defendant's Facebook page on December of 2021. The Plaintiff did not file suit until April 1, 2025. As alleged in paragraph 32 of the Complaint, the Plaintiff uses "diligent efforts to identify unauthorized use of its photographs" and therefore the Plaintiff either had knowledge, or should have had knowledge, of the alleged infringement but failed to file suit within the applicable three (3) year statute of limitations.

53. WAIVER/ESTOPPEL. The Plaintiff has waived and should be estopped from seeking damages for copyright infringement as the Plaintiff has failed to mark the Work with a watermark, copyright symbol, or other reasonable notice that the Work is allegedly copyrighted. Furthermore, the Work is published and generally available from numerous sources and websites that, upon information and belief, are not affiliated with the Plaintiff.

54. LACK OF REASONABLE NOTICE. The Plaintiff has failed to provide reasonable notice to Health Generations that the Work is copyrighted. The Plaintiff has failed to mark the Work with a watermark, copyright symbol, or other reasonable notice that the Work is allegedly copyrighted. Furthermore, the Work is published and generally available from numerous sources and websites that, upon information and belief, are not affiliated with the Plaintiff.

55. LACK OF STANDING. Plaintiff is not the author, nor the Copyright Claimant. To the extent that exclusive rights to the Work were assigned to a third party, or the Work was not assigned to the Plaintiff, the Plaintiff lacks standing to seek damages for alleged copyright infringement associated with the Work.

56. MOOTNESS. Prior to the filing of this action, the Work was removed from Defendant's Facebook page. Thus, the Plaintiff's request for injunctive relief is moot.

57. FAILURE TO PLEAD A CAUSE OF ACTION. Plaintiff has failed to sufficiently plead the Work was properly registered with the Copyright Office. Specifically, the Certificate of Registration does not identify the Work in a manner sufficient to establish the photographs displayed by Defendant are copyrighted.

58. LACK OF DAMAGES. Plaintiff has failed to allege it sustained actual damages as a result of the alleged infringement and the Plaintiff has not suffered actual damages as a result of the alleged infringement.

59. DEMAND FOR JURY TRIAL. Defendant demands that this matter be tried by a jury.

60. Defendant reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant, Rappahannock Area Agency on Aging, Inc. d/b/a Healthy Generations, by counsel, respectfully requests that this Honorable Court enter an Order denying Plaintiff's prayer for relief; dismissing Plaintiff's action; awarding Defendant its costs and reasonable attorneys' fees incurred herein; and for such other and further relief as this case may require.

**RAPPAHANNOCK AREA AGENCY ON AGING, INC. D/B/A HEALTHY GENERATIONS**

Dated: April 21, 2025

By: /s/
Of Counsel

John H. Taylor (V.S.B. No. 81004)
Jack R. Corkery (VSB No. 99303)
FLORANCEGORDONBROWN, P.C.
901 East Cary Street Ste 1900
Richmond, VA 23219
Tel: (804) 697-5130
Fax: (804) 697-5159
jtaylor@fgb.com
*Counsel for Defendant*

CERTIFICATE

I hereby certify that on this 21th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send an electronic notification of said filing to counsel of record, if any, and I sent a copy via U.S. Postal Service to Plaintiff as follows:

Mathew W. Smith, Esq.
Otey Smith & Quarles
485 McLaws Circle
Williamsburg, Virginia 23185
Email: msmith@osqlaw.com
*Counsel for Plaintiff*

/s/
John H. Taylor